IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:23-CV-111-GNS

WALTER WILCOXSON                                                             PLAINTIFF

v.                                             **ANSWER**

PRINCIPAL LIFE INSURANCE COMPANY                      DEFENDANT

Now comes defendant Principal Life Insurance Company ("Principal") and answer's Plaintiff's Complaint as follows:

### First Defense

Principal is entitled to rescind Disability Income Policy No. 7180760 ("the Policy") issued to Plaintiff with effective date of March 24, 2022, because Plaintiff made fraudulent misrepresentations, omissions, and incorrect statements in his Application for the Policy.

### Second Defense

Principal is entitled to rescind the Policy because Plaintiff made misrepresentations, omissions, and incorrect statements in his Application for the Policy which were material to Principal's acceptance of the risk and to the hazard assumed by Principal.

### Third Defense

Principal is entitled to rescind the Policy because, had Plaintiff disclosed his true medical history on the Application for the Policy, Principal would not in good faith have issued the Policy.

### Fourth Defense

Principal is entitled to rescind the Policy because, when the Policy was delivered and the Amendment to Application was signed, Plaintiff was not in the state of health and insurability represented in the Application.

### Fifth Defense

The Policy was statutorily void at its inception because Principal would not have issued the Policy without the misrepresentations, omissions, and incorrect statements in Plaintiff's Application for the Policy.

### Sixth Defense

Principal is entitled to rescind the Policy because it tendered a complete refund of all premiums paid for the Policy, plus interest.

### Seventh Defense

Principal correctly and reasonably denied Plaintiff's claim for disability benefits under the Policy because the Policy was void *ab initio* and not in effect due to the material misrepresentations, omissions, and incorrect statements in Plaintiff's Application for the Policy.

### Eighth Defense

Principal reserves the right to assert additional defenses including those that become known in the course of this litigation.

## Ninth Defense

Principal answers the numbered Paragraphs of Plaintiff's Complaint as follows:

### Introduction

1. For answer to Paragraph 1, Principal admits that Plaintiff seeks a declaratory judgment determining whether Principal properly rescinded the Policy and denies that Plaintiff is entitled to a declaratory judgment in his favor.

2. For answer to the first sentence of Paragraph 2, Principal is without knowledge or information sufficient to form a belief as to Plaintiff's intent, and therefore can neither admit nor deny any allegations regarding it. For answer to the second sentence of Paragraph 2, Principal adopts and incorporates by reference its answers in each Paragraph of each section of the Complaint as if set forth therein verbatim.

3. For answer to Paragraph 3, Principal admits that the factual allegations in the Complaint are not exhaustive and that they provide notice of the basis for Plaintiff's claim. Except as specifically admitted herein, Principal denies the allegations in Paragraph 3.

Footnote 1. For answer to Footnote 1, Principal states that this Footnote contains a legal citation to which no response is required of Principal.

### Jurisdiction & Venue

4. For answer to Paragraph 4, Principal admits this action was properly removed to this United States District Court, sitting in diversity. For further answer, Principal prays reference to KRS 418.040 and CR 57, which speak for themselves, for a complete and accurate disclosure of their provisions, and Principal denies any allegations

inconsistent with those provisions. Except as specifically admitted herein, Principal denies the allegations in Paragraph 4.

5.  For answer to Paragraph 5, Principal admits that venue is proper in this United States District Court and admits on information and belief that Plaintiff resides in Hart County. Except as specifically admitted herein, Principal denies the allegations in Paragraph 5.

## Parties

6.  Principal admits the allegations in Paragraph 6 on information and belief.

7.  For answer to the first sentence of Paragraph 7, Principal admits that it issued the Policy, but denies that there is any insurance coverage under the Policy because it was void *ab initio* and not in effect due to the material misrepresentations, omissions, and incorrect statements in Plaintiff's Application for the Policy. Principal admits the allegations in the second and third sentences of Paragraph 7. Except as specifically admitted herein, Principal denies the allegations in Paragraph 7.

## General Factual Allegations

8.  For answer to Paragraph 8, Principal denies that Plaintiff became insured under the Policy because the Policy was void *ab initio* and not in effect due to the material misrepresentations, omissions, and incorrect statements in Plaintiff's Application for the Policy.

9.  For answer to Paragraph 9, Principal admits it received a Disability Claim Notice from Plaintiff in which he claimed total disability as of December 31, 2022. Except

as specifically admitted herein, Principal denies the allegations in Paragraph 9.

10. For answer to Paragraph 10, Principal admits it received a Disability Claim Notice from Plaintiff in which he claimed total disability as of December 31, 2022. Except as specifically admitted herein, Principal denies the allegations in Paragraph 10.

Footnote 2. For answer to Footnote 2, Principal states that this Footnote contains a legal citation to which no response is required of Principal.

11. For answer to Paragraph 11, Principal admits that it rescinded the Policy and denied Plaintiff's claim for disability benefits, and Principal notified Plaintiff of its decision by letter dated June 13, 2023. For further answer, Principal prays reference to its letter dated June 13, 2023, which speaks for itself and contains the rationale for Principal's decisions and denies any allegations inconsistent with the contents of that letter.

## Claim for Declaratory Relief

12. For answer to Paragraph 12, Principal denies that any contract was formed because the Policy was void *ab initio* and not in effect due to the material misrepresentations, omissions, and incorrect statements in Plaintiff's Application for the Policy.

13. For answer to Paragraph 13, Principal denies that Plaintiff is or was an insured under the Policy because the Policy was void *ab initio* and not in effect due to the material misrepresentations, omissions, and incorrect statements in Plaintiff's Application for the Policy. Principal further admits that Plaintiff seeks a declaration of his rights under

the Policy but denies that Plaintiff has any rights under the Policy or that Plaintiff is entitled to declaratory relief in his favor.

14. For answer to Paragraph 14, Principal admits that Plaintiff seeks a declaration of his rights under the Policy, but denies that Plaintiff has any rights under the Policy or that Plaintiff is entitled to declaratory relief in his favor because Principal is entitled to rescind the Policy as void *ab initio* and not in effect due to the material misrepresentations, omissions, and incorrect statements in Plaintiff's Application for the Policy.

## Prayer for Relief

Any and all allegations, contentions, and prayers for relief not specifically admitted herein are expressly denied. Principal denies that Plaintiff is entitled to the relief sought in Paragraphs 15, 16, and 17 of his Prayer for Relief, or to any other relief under any claim, cause of action, or theory of recovery.

This 30th day of August, 2023.

Respectfully submitted,

/s/ Robert L. Steinmetz
Robert L. Steinmetz
rsteinmetz@gsblegal.com
Christopher M. Mussler
cmussler@gsblegal.com
Gwin Steinmetz & Baird PLLC
401 West Main Street, Suite 1000
Louisville, Kentucky 40202
(502) 618-5700
*Counsel for Principal Life Insurance Company*

## CERTIFICATE OF SERVICE

      I hereby certify that on August 30, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a copy to:

   Michael D. Grabhorn, m.grabhorn@grabhornlaw.com
   Andrew M. Grabhorn, a.grabhorn@grabhornlaw.com

                                              s/Robert L. Steinmetz