UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:23-CV-00111-GNS-HBB

WALTER WILCOXSON                                                                                  PLAINTIFF

v.

PRINCIPAL LIFE INSURANCE COMPANY                                                DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand (DN 14). The motion is ripe for adjudication.

### I.   BACKGROUND

In 2022, Plaintiff Walter Wilcoxson ("Wilcoxson") became insured under a disability insurance policy ("Policy") issued by Defendant Principal Life Insurance Company ("Principal"). (Compl. ¶¶ 7-8, DN 1-2). In December 2022, Wilcoxson alleges that he became disabled and submitted a claim for benefits under the Policy. (Compl. ¶¶ 9-10). By letter dated June 13, 2023, Principal allegedly rescinded the Policy due to "material misstatements and omissions on [Wilcoxson's] application." (Compl. ¶ 11 (internal quotation marks omitted)).

Wilcoxson filed a declaratory action in Hart Circuit Court (Kentucky) against Principal relating to the rescission of the Policy. (Compl. ¶¶ 8-14). In particular, Wilcoxson alleges:

> 12. The insurance policy constitutes a written contract.
> 13. As an insured under the insurance policy, Mr. Wilcoxson is entitled to apply for and secure a declaration of his rights or duties, even though no consequential or other relief is requested.
> 14. Mr. Wilcoxson seeks a declaration of his rights under the policy—that Principal is not entitled to rescind the insurance policy and that his coverage remains in effect.

1

(Compl. ¶¶ 12-14).  After Principal removed the action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Wilcoxson moved to remand the case to state court.  (Notice Removal, DN 1; Pl.'s Mot. Remand, DN 14).

## II.     DISCUSSION

The parties dispute whether Wilcoxson has Article III standing and, to the extent that he does have standing, whether this Court should exercise jurisdiction over this matter.  (Pl.'s Mot. Remand 5; Def.'s Resp. Pl.'s Mot. Remand 4-8, DN 20; Pl.'s Reply Mot. Remand 2-6, DN 22).

### A.     Standing

In seeking to remand this matter, Wilcoxson raises the issue of standing under Article III of the U.S. Constitution.  (Pl.'s Mot. Remand 3-5).  However, "[w]hen jurisdiction is based upon diversity of citizenship, as is the case here, a plaintiff must have standing under both Article III and state law . . . to maintain a cause of action."  *Ellias v. Phx. Life Ins. Co.*, 501 F. App'x 478, 483 (6th Cir. 2012) (citing *Morell v. Star Taxi*, 343 F. App'x 54, 57 (6th Cir. 2009)).

#### 1.     *Article III*

Article III of the U.S. Constitution limits the power of federal courts to decide "cases and controversies."  U.S. Const. art. III, § 2.  This standing requirement "limits federal court jurisdiction to actual controversies so that the judicial process is not transformed into 'a vehicle for the vindication of the value interests of concerned bystanders.'"  *Coal Operators & Assocs., Inc. v. Babbitt*, 291 F.3d 912, 915 (6th Cir. 2002) (quoting *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 473 (1982)).  "A plaintiff has Article III standing to sue when she or he can show: (1) an injury-in-fact that (2) was fairly traceable to the defendant's allegedly unlawful conduct and (3) is likely to be redressed via a favorable decision."  *Ellias*, 501 F. App'x at 483 (citing *United States v. Schultz*, 529 F.3d 343,

2

349 (6th Cir. 2008)).  The standing requirement must be met at the time of filing and throughout a lawsuit.  *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 189 (2000).

This case presents an unusual situation where the plaintiff challenges Article III standing while the defendant maintains that the plaintiff does have standing.  At the time this action was filed in state court, Wilcoxson had purchased the Policy issued by Principal, which Principal subsequently rescinded.  If Wilcoxson can show that the Policy was wrongfully rescinded and should still be in effect, he could show an injury-in-fact that is fairly traceable to Principal's decision to rescind the policy.  Finally, Wilcoxson's alleged injury could be redressed by a favorable decision because the Court could determine that the Policy had been wrongfully rescinded and is still in effect.  Accordingly, there is Article III standing to hear this dispute.

### 2. *Kentucky Law*

While the parties do not directly address the issue of standing under Kentucky law, such standing is also necessary in this case for this Court to exercise diversity jurisdiction.  *See Ellias*, 501 F. App'x at 483 (citing *Morell*, 343 F. App'x at 57).  The Kentucky Supreme Court has explained the requirements of standing as follows:

> [T]he initiating party must have the requisite constitutional standing to do so, defined by three requirements:  (1) injury, (2) causation, and (3) redressability.  In other words, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief."  "[A] litigant must demonstrate that it has suffered a concrete and particularized injury that is either actual or imminent . . . ."  "The injury must be . . . 'distinct and palpable,' and not 'abstract' or 'conjectural' or 'hypothetical.'"  "The injury must be 'fairly' traceable to the challenged action, and relief from the injury must be 'likely' to follow from a favorable decision."

*Graham v. Adams*, 684 S.W.3d 663, 676 (Ky. 2023) (third alteration in original) (quoting *Commonwealth, Cabinet for Health & Family Servs., Dep't of Medicaid Servs. v. Sexton*, 566 S.W.3d 185, 196 (Ky. 2018)).

3

Wilcoxson is a party to the Policy, and he allegedly suffered an injury when Principal rescinded the Policy. *See Phx. Am. Adm'rs, LLC v. Lee*, 670 S.W.3d 832, 838 (Ky. 2023) ("[W]henever a wrong is founded upon a breach of contract, the plaintiff suing in respect thereof must be a party or privy to the contract . . . ." (quoting *Presnell Constr. Managers, Inc. v. EH Constr., LLC*, 134 S.W.3d 575, 579 (Ky. 2004))). Any injury was caused by Principal's decision to rescind the Policy, and a declaration of rights between the parties may redress Wilcoxson's injury. Thus, Wilcoxson also satisfies the standing requirements under Kentucky law.

### B.  Declaratory Judgment Act

In considering whether to remand this matter, the Court must additionally consider whether to exercise jurisdiction. The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201(a). The Sixth Circuit articulated five key factors in *Grand Trunk Western Railroad Co. v. Consolidated Rail Corp.*, 746 F.2d 323 (6th Cir. 1984), for courts to utilize in determining whether to exercise jurisdiction over a claim for declaratory relief:

> (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or to "provide an arena for a race for res judicata"; (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*Id.* at 326.

1.     *Settlement of the Controversy and Clarification of Legal Relations*

In insurance coverage cases, most courts consider the first two *Grand Trunk* factors together because "it is almost always the case that if a declaratory judgment will settle the controversy, then it will clarify the legal relations in issue." *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 557 (6th Cir. 2008) (citations omitted).  Ultimately, "a declaratory judgment is proper if it will only have to decide purely legal questions or engage in fact-finding that does not affect the parties in the underlying action." *Argonaut-Midwest Ins. Co. v. Johnson*, No. 3:14-CV-00395-TBR, 2014 WL 6804284, at *2 (W.D. Ky. Dec. 3, 2014) (internal quotation marks omitted) (citations omitted).  A ruling in this case would determine whether there were any misstatements or omission in the application for the Policy and whether the Policy was properly rescinded or is still in effect.  Accordingly, these factors weigh in favor of exercising jurisdiction over this matter.

2.     *Procedural Fencing or Res Judicata*

The third factor considers "whether the use of the declaratory judgment action is motivated by 'procedural fencing' or [is] likely to create a race for res judicata." *Flowers*, 513 F.3d at 558.  The Sixth Circuit has explained that this analysis is "meant to preclude jurisdiction for 'declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a "natural plaintiff" and who seem to have done so for the purpose of acquiring a favorable forum.'" *Id.* (quoting *AmSouth Bank v. Dale*, 386 F.3d 763, 788 (6th Cir. 2004)).  Where there is no direct evidence in the record to suggest a declaratory action was motivated by such "procedural fencing," courts "are reluctant to impute an improper motive to a plaintiff." *Id.* (citations omitted).

Principal's argument that Wilcoxson is engaging in procedural fencing is not well-taken. (Def.'s Resp. Pl.'s Mot. Remand 9-10). As the Sixth Circuit has explained, the term "procedural fencing" "has come to encompass a range of tactics that courts regard as unfair or unseemly. Many cases list 'provid[ing] another forum in a race for res judicata' as an example of procedural fencing . . . ." *W. World Ins. Co. v. Hoey*, 773 F.3d 755, 761 (6th Cir. 2014) (alteration in original) (internal citation omitted). The fact that Wilcoxson resorted to litigation in state court to resolve any state law contractual issues relating to the Policy alone does not constitute procedural fencing. It was Principal that changed the forum by removing this matter to federal court rather than litigating in Wilcoxson's chosen state forum. Under the circumstances of this case, this factor weighs against exercising jurisdiction.

### 3. *Increased Friction Between Federal and State Courts*

Fourth, the Court must consider "whether accepting jurisdiction would increase friction between federal and state courts." *Id.* at 559. There are three sub-factors this Court must consider:

> (1) whether the underlying factual issues are important to an informed resolution of the case;
> (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
> (3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000).

Under the first sub-factor, the Court must determine "whether the state court's resolution of the factual issues is necessary to the district court's resolution of the declaratory judgment." *Flowers*, 513 F.3d at 560. In cases seeking a declaration regarding "the scope of insurance coverage," the Sixth Circuit has "recognized that such questions can sometimes be resolved as a

6

matter of law and do not require factual findings." *Id.* (citing *Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 454 (6th Cir. 2003); *Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1067 (6th Cir. 1987)).

In this case, this Court would have to make factual findings regarding whether there was any misstatements or omissions relating to the issuance of the Policy, and assuming the Policy was not void *ab initio*, whether Policy is still in effect. These same findings, however, could be made by the state court upon remand. Thus, this sub-factor weighs in favor of declining jurisdiction.

The second sub-factor "focuses on which court, federal or state, is in a better position to resolve the issues in the declaratory action." *Flowers*, 513 F.3d at 560. "Generally, state courts are better situated than federal courts to resolve disputes over state regulated insurance contracts and novel questions of state law." *Arrowood Indem. Co. v. Drees Co.*, No. 14-169-DLB-CJS, 2015 WL 136107, at *7 (E.D. Ky. 2015) (citing *Travelers Indem. Co. v. Bowling Green Prof'l Assoc.*, 495 F.3d 266, 272 (6th Cir. 2007); *Bituminous Cas. Corp. v. J & L Lumber Co.*, 373 F.3d 807, 815-16 (6th Cir. 2004)). Courts have also noted, however, that "not all issues of insurance contract interpretation implicate such fundamental state policies that federal courts are unfit to consider them." *Flowers*, 513 F.3d at 561; *compare Stewart Title*, 327 F.3d at 454 (reasoning that because the declaratory plaintiff-insurer was not a party to the state court action, and the issues before the federal court were not before the state court, the principles of comity would not be offended), *with Flowers*, 513 F.3d at 561 ("Despite the clear indications from the Kentucky courts regarding how such an issue should be resolved, Kentucky courts are in a better position to resolve the insurance policy interpretation in this case."). Here, there are questions of contract

7

formation and rescission under state law, which the state court is well-suited to address. Under these circumstances, the Court finds that this factor weighs in favor of declining jurisdiction.

"The final sub-factor requires the court to determine whether the issue in the federal action implicates important state policies and therefore would be more appropriate for the state court to address." *Secura Ins. Co. v. Gray Const., Inc.*, 661 F. Supp. 2d 721, 730 (W.D. Ky. 2009). The Sixth Circuit has held that issues of "insurance contract interpretation are questions of state law with which the Kentucky state courts are more familiar and, therefore, better able to resolve." *Bituminous*, 373 F.3d at 815. Because this dispute involves the formation and rescission of an insurance policy under state law, it appears to be more appropriate for the state court to resolve the issues raised in the Complaint. The Court finds that this factor weighs in favor of abstention.

### 4. *Availability of Alternative Remedy*

The Sixth Circuit has stated that the district court should "deny declaratory relief if an alternative remedy is better or more effective." *Grand Trunk*, 746 F.2d at 326. Following a split in precedent regarding "the possibility of seeking a declaratory judgment or indemnity action in state court counsels against the district court exercising jurisdiction[,]" the Sixth Circuit held that "rather than applying a general rule, our inquiry on this factor must be fact specific, involving consideration of the whole package of options available to the federal declaratory plaintiff." *Flowers*, 513 F.3d at 562.

The issue here is that Wilcoxson did not choose this federal forum—Principal did. Nevertheless, as is almost always the case, there are alternative remedies available. The question, however, is whether state court or federal court is a better or more effective forum. Given that both forums can address the coverage issues, this Court cannot say that either would

8

necessarily be better or more effective. Declining to exercise jurisdiction over this matter appears to be the more appropriate resolution of this case.

Thus, based on the factors outlined by the Sixth Circuit in *Grand Trunk*, this Court declines to exercise jurisdiction this matter. This case is remanded to state court.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (DN 14) is **GRANTED**, and this matter is **REMANDED** to Hart Circuit Court. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

April 24, 2024

cc: counsel of record
Clerk, Hart Circuit Court (Civil Action No. 23-CI-00123)